YOUNG *v.* GERSTEN.

(No. 77CV-03-1207—Decided May 2, 1978.)

Court of Common Pleas of Franklin County.

*Mr. Eugene Matan,* for plaintiff.
*Mr. Bruce G. Lynn,* for defendant.

FAIS, J.  The court's attention is directed to a motion for a protective order filed by Donald H. Ayers, Executive Director of Grant Hospital.  Such motion requests the court for an order quashing the service of a subpoena duces tecum upon him which directs him to produce certain records of

the Department of Surgery of Grant Hospital or its subcommittees at the time a deposition is held in the office of plaintiff's counsel.

The subpoena issued by Armstrong and Okey, registered professional reporters, at the request of counsel for plaintiff and directed to the Director of Grant Hospital or his designee, reads as follows:

"1. Any and all notes, memoranda, documents, reports, records, summaries, minutes of meetings, agenda, communications, and recommendations of Grant Hospital, its Department of Surgery and/or any Grant Hospital or surgical staff committee or sub-committee relating to the performance or non-performance of the surgical procedures known as turbinectomies on the inferior turbinates during the years 1971, 1972, 1973, 1974 and 1975.

"2. Any and all Grant Hospital by-laws, regulations, written policies, and procedures pertinent to otorhinolaryngological surgery, including but not limited to turbinectomy procedures, for the years 1971, 1972, 1973, 1974 and 1975.

"3. Any and all notes, memoranda, reports, summaries, records, agenda, minutes of meeting, communications of any form, of Grant Hospital, its Department of Surgery and/or any surgical staff committee or sub-committee, relating to the decisions or actions regarding the prohibition, disapproval and/or discontinuance of the performance of total turbinectomies on the inferior turbinates at Grant Hospital during the years 1971, 1972, 1973, 1974 and 1975 including but not limited to any such communications addressed to or directed to John Gersten, M. D. and/or surgeons with active surgical staff privileges."

The motion filed on behalf of the Executive Director of Grant Hospital suggests that:

a. All such records are confidential.

b. All such records are not subject to discovery.

c. These records fall within the scope of R. C. 2305.251.

Plaintiff, on the other hand, maintains that R. C. 2305.25 and 2305.251 are unconstitutional.

The court's attention is directed to the following portion of R. C. 2305.251 which provides:

"Proceedings and records of all review committees described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review by such committee. No person within attendance at a meeting of such committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any finding, recommendation, evaluation, opinion or other action of such committee or member thereof. Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of such committee nor should any person testifying before such committee or who is any member of such committee be prevented from testifying as to matters within his knowledge, but the witness cannot be asked about his testimony before such committee or opinion formed by him as a result of such committee hearing."

Does this Section conflict with the Ohio Rules of Civil Procedure and Article I, Section 2, of the Ohio Constitution?

Lengthy legal arguments have been submitted to the court supporting the claims of both parties. Provisions of Civ. R. 26(B)(1) specifically exempt privileged communications from discovery, and this rule seems to be consistent, not conflicting, with R. C. 2305.251. Rule 26(B)(1) reads in substantive part:

"(B) *Scope of Discovery.* Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows:

"(1) *In general.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *."

Another argument advanced by the plaintiff strongly suggests that R. C. 2305.251 is unconstitutional for the rea-

4

son that it deprives the plaintiff of equal protection. If this contention is sound then a good number of statutes establishing standards, classifications and formulae would be unconstitutional. The test is generally one of reasonableness according to attendant circumstances. Are the plaintiff's rights offended and is she disarmed in the presentation of her case? The statute is, in the opinion of this court,. encouraging a free and open discussion between medical personnel in order to raise the standards of health care in the institutions charged with such responsibilities. Such legislation appears to be in the general interest of the public.

Classifications based upon sex, color, religion and national origin are rightly subject to criticism and careful scrutiny. This court has considered the "compelling state interest" test and its application, if any, to R. C. 2305.251. This legal conclusion does not appeal to the court in this instance.

This court concludes, after considering the claims and contentions of both parties:

a) The pending motion raises a substantial question of law which apparently has not been the subject of any reported legal decision.

b) That the records of the review committee are within the meaning of Section 2305.251 of the Ohio Revised Code.

c) That such records are confidential and not subject to discovery by reason of Section 2305.251 of the Ohio Revised Code.

d) That Section 2305.251 of the Ohio Revised Code is constitutional.

Wherefore, the motion of defendant, John Gersten M. D. and Donald H. Ayers, Executive Director of Grant Hospital, for a protective order is SUSTAINED.

*Motion sustained.*