ATKINS, APPELLANT, *v.* WALKER, APPELLEE.

[Cite as Atkins v. Walker (1979), 65 Ohio App. 2d 136.]

(No. E-78-41—Decided July 20, 1979.)

*Messrs. Smith & Smith* and *Mr. Kenneth P. Frankel,* for appellant.

*Messrs. Shumaker, Loop & Kendrick* and *Mr. Robert M. Anspach,* for appellee.

POTTER, P. J.   Plaintiff-appellant, Donald C. Atkins, D.O., sought staff privileges at Sandusky Memorial Hospital, Sandusky, Ohio. Defendant-appellee, Jack L. Walker, D.O., was a member of the Credentials Committee screening applicants. Dr. Walker, at the request of Dr. Wilbur Cole, the hospital's chief of staff, mailed a letter, which is the subject of this lawsuit, to Dr. Cole.

The letter became part of the record and hearing at the Joint Conference Committee. Dr. Atkins was denied staff privileges. Thereafter, he filed his complaint in the Court of Common Pleas of Erie County seeking compensatory and punitive damages from Dr. Walker for alleged libelous

statements contained in Dr. Walker's letter. Dr. Atkins was presented a copy of the letter, but the method, time or manner of receipt is not made clear from the record. After filing an answer, defendant moved for summary judgment. Defendant argued that the action was barred by R. C. 2305.25 and 2305.251. R. C. 2305.25 is an immunity statute and R. C. 2305.251 is a privilege statute.

R. C. 2305.25 reads as follows:

"No member or employee of a utilization review committee or tissue committee of a hospital or of a community mental health center or of a utilization committee of a state or local society composed of doctors of medicine or doctors of osteopathic medicine and surgery or doctors of podiatric medicine or of a peer review or professional standards review committee of a state or local society composed of doctors of medicine, doctors of osteopathic medicine and surgery, doctors of dentistry, doctors of optometry, doctors of podiatric medicine, psychologists, or registered pharmacists shall be deemed liable in damages to any person for any action taken or recommendation made within the scope of the functions of such committee, if such committee member or employee acts without malice and in the reasonable belief that such action or recommendation is warranted by the facts known to him after reasonable effort to obtain the facts of the matter as to which such action is taken or recommendation is made.

"This section shall also apply to any member or employee of a nonprofit corporation engaged in performing the functions of a peer review or professional standards review committee and shall apply to any member or employee of a hospital board or committee reviewing professional qualifications or activities of its medical staff or applicants for admission thereto."

R. C. 2305.251 reads as follows:

"Proceedings and records of all review committees described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review by such committee. No person within attendance at a meeting of such committee shall be permitted or required to testify in any civil action as to any

evidence or other matters produced or presented during the proceedings of such committee or as to any finding, recommendation, evaluation, opinion, or other action of such committee or member thereof. Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of such committee nor should any person testifying before such committee or who is any member of such committee be prevented from testifying as to matters within his knowledge, but the witness cannot be asked about his testimony before such committee or opinion formed by him as a result of such committee hearing."

Although defendant conceded in his motion that "summary judgment would be improper at this time" because plaintiff alleged defendant's actions were malicious and although defendant admitted in his brief that "the actions or recommendations must be made without malice in order to be entitled to the immunity extended" by R. C. 2305.25, defendant maintains that summary judgment was proper in light of R. C. 2305.251. Defendant argues that R. C. 2305.251 precludes the admission of the letter into evidence because defendant was a member of a credentials committee screening applicants for staff privileges when he wrote and transmitted the letter. Since defendant asserts that the letter should not be admitted in this cause of action by virtue of R. C. 2305.251, he maintains that plaintiff's action was barred and summary judgment was properly granted.

The trial court, in its judgment entry, made findings of fact and conclusions of law. It commented on various facets of the case and the law and granted summary judgment. Plaintiff thereafter appealed and filed the following assignments of error:

"I. The trial court erred as a matter of law and to the prejudice of the appellant by granting summary judgment in favor of appellee for the reason that appellee's letter was communicated to a third party.

"II. The trial court erred as a matter of law and to the prejudice of the appellant by granting summary judgment in favor of the appellee for the reason that there are genuine issues as to the material facts of malice and the making of a

reasonable effort to obtain the facts forming the basis of the recommendation.

"III. The trial court erred as a matter of law and to the prejudice of the appellant by granting summary judgment in favor of appellee for the reason that the defamatory words couched as an opinion does not operate either as a defense to the defamation action, nor as a privileged communication.

"IV. The trial court erred as a matter of law and to the prejudice of the appellant by granting summary judgment in favor of appellee for the reason that Section 2305.25 of the Ohio Revised Code does not operate as a bar to appellant's cause of action.

"V. The trial court erred as a matter of law and to the prejudice of the appellant by granting summary judgment in favor of appellee for the reason that Section 2305.251 of the Ohio Revised Code does not operate as a bar to Atkins' cause of action.

"VI. The trial court erred as a matter of law and to the prejudice of the appellant by granting summary judgment in favor of appellee for the reason that the legislature did not intend that Sections 2305.25 and 2305.251 of the Ohio Revised Code bar causes of action sounding in defamation.

"VII. The trial court erred as a matter of law and to the prejudice of the appellant by granting summary judgment in favor of appellee for the reason that Sections 2305.25 and 2305.251 of the Ohio Revised Code are unconstitutional."

We find that the determinative issue is the application of R. C. 2305.251 as it relates to the granting of summary judgment. This was the only issue presented to the trial court, and the other comments by the trial court were not responsive to the motion.

We find that the trial court erred in granting summary judgment on the grounds that the letter in question was inadmissible. Summary judgment is appropriate when:

"***[T]he pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any*** show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.***" Civ. R. 56(C).

In the case *sub judice,* Civ. R. 56(C) was used not to deter-

mine that, on the evidence, there was no genuine issue as to any material fact, but that plaintiff's proof would be barred by operation of law. We find that it is premature to make this decision and that it may not be made pursuant to a Civ. R. 56(C) proceeding.

Furthermore, R. C. 2305.251 specifically states that documents available from original sources are not unavailable for use in any civil action merely because they were presented during proceedings of a credentials committee. Defendant did not state in his motion for summary judgment that the letter was not available from original sources. He merely claimed that the letter was "privileged." On oral argument, defendant stated that he did not know how plaintiff obtained the letter. Defendant's flat claim of privilege ignores the clear statutory language of R. C. 2305.251.

Defendant's position is as follows:

"* * *[D]ocuments which are prepared for the express purpose of being considered by a review committee and which form a part of the record of that committee, such as the letter involved in this case, are privileged and are inadmissible."

This is not our interpretation of the statute.

In a case with somewhat similar facts the United States Court of Appeals for the Third Circuit had occasion to interpret R. C. 2305.251 in *Samuelson* v. *Susen* (C.A. 3, 1978), 576 F. 2d 546. In *Samuelson,* at page 553, the court stated that the "Ohio Supreme Court has delineated the requirements for a successful defamation action" in *Hahn* v. *Kotten* (1975), 43 Ohio St. 2d 237.[2]

___

[2] The second paragraph of the syllabus of the *Hahn* case, *supra,* reads as follows:

"2. A qualified privilege protecting the making of defamatory statements is exceeded when the statements are made with 'actual malice,' that is, with knowledge that the statements are false or with reckless disregard of whether they were false or not. (*New York Times Co.* v. *Sullivan,* 376 U.S. 254, followed.)"

See, also, pages 245 to 246 of the *Hahn* case, *supra,* defining a qualified privilege as follows:

" ' "A publication is conditionally or qualifiedly privileged where circumstances exist, or are reasonably believed by the defendant to exist, which cast on him the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do.* * *" ' "

See, also, Holbrook and Dunn, Medical Malpractice Litigation: The Discoverability and Use of Hospitals' Quality Assurance Committee Records, 16 Washburn L. J. 54;

The court, in *Samuelson, supra,* at page 553, held that:
"Plaintiff is not precluded from establishing the necessary causal connection between the defamatory matter and his injury by circumstantial evidence or by evidence from deponents which falls outside the purview of the O.R.C. §2305.251.***"

Earlier in the *Samuelson* opinion, *supra,* at pages 552 to 553, the court found that R. C. 2305.251 did not violate the plaintiff's Fifth and Fourteenth Amendment due process rights:

"Plaintiff asserts that O.R.C. §2305.251 deprives him of material necessary to establish his claims, effectively denying him access to the courts in violation of his Fifth and Fourteenth Amendments due process rights. Plaintiff argues that there is no compelling state interest served by the application of O.R.C. §2305.251 sufficient to overrule his interest in obtaining information about the review committee proceedings.

"The Ohio legislature has, however, concluded, presumably in that state's best interest, that the deliberations of medical review committees should be privileged. As one court has declared '[s]tate legislatures create privileges because a particular relationship is considered so valuable to society that it should be fostered by preserving the confidentiality of the relationship even though evidence which might aid in the quest for truth will be lost.' *Baylor* v. *Mading-Dugan Drug Company,* 57 F.R.D. 509, 511 (N. D. Illinois 1972).

"No doubt the statutory provisions affect the manner in which plaintiff may develop evidence to support his defamation claim. Plaintiff is not, however, foreclosed from prosecuting his claim with other evidence, both direct and circumstantial." See, also, *Young* v. *Gersten* (1978), 56 Ohio Misc. 1.

For the foregoing reasons, but only to the extent thereof, we find that Assignments of Error Nos. I, II, III, IV and V are well taken. Assignment of Error No. VI is not well taken.

Assignment of Error No. VII is based on the assertion that R. C. 2305.25 and 2305.251 are unconstitutional. We find this assignment of error not well taken for the following reasons. First, the trial court made no ruling as to the constitu-

Hall, Hospital Committee Proceedings and Reports: Their Legal Status, 1 Am. J. L. & Med. 245; Langhenry, Immunity of In-Hospital Staff Committee Members and Confidentiality of Staff Committee Records, 24 Federation of Insurance Counsel, No. 4, page 3.

tionality of these sections. Secondly, the parties in the trial court proceedings did not raise any issue as to the constitutionality of these two statutes and, therefore, no alleged error was preserved for this court. See 10 Ohio Jurisprudence 2d 200, Constitutional Law, Section 120. Although we have cited *Samuelson* v. *Susen, supra,* and *Young* v. *Gersten, supra,* wherein these sections were found to be constitutional, and although we are also aware of the strong presumption in favor of the constitutionality of legislation, we will not pass on this issue where there are other tenable grounds. See 10 Ohio Jurisprudence 2d 198, Constitutional Law, Section 116.

In substance, we find the application of R. C. 2305.251 to be premature. Upon remand for further proceedings according to law, if plaintiff engages in discovery proceedings, no doubt defendant will seek such protective orders as Civ. R. 26 and R. C. 2305.251 may afford him; and, under R. C. 2305.251, at trial, defendant will have his right to object to the introduction of offending evidence.

The judgment of the Court of Common Pleas of Erie County is reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

BROWN and CONNORS, JJ., concur.