ATKINS, APPELLANT, *v.* WALKER, APPELLEE.

(No. E-81-19—Decided October 2, 1981.)

*Mr. Kenneth P. Frankel,* for appellant.

*Mr. Robert M. Anspach,* for appellee.

WILEY, J. The appeal herein is from a final judgment entered in favor of the defendant-appellee, Jack L. Walker, and against the plaintiff-appellant, Donald C. Atkins, whereby the complaint of the plaintiff was dismissed, with prejudice, at the plaintiff's costs.

As a factual background, we adopt the statement of this court of appeals on the previous appeal as reported in *Atkins* v. *Walker* (1979), 65 Ohio App. 2d 136, at pages 136-138 [19 O.O.3d 95]:

"Plaintiff-appellant, Donald C. Atkins, D.O., sought staff privileges at Sandusky Memorial Hospital, Sandusky, Ohio. Defendant-appellee, Jack L. Walker, D.O., was a member of the Credentials Committee screening applicants. Dr. Walker, at the request of Dr. Wilbur Cole, the hospital's chief of staff, mailed a letter, which is the subject of this lawsuit, to Dr. Cole.

"The letter became part of the record and hearing at the Joint Conference Committee. Dr. Atkins was denied staff privileges. Thereafter, he filed his complaint in the Court of Common Pleas of Erie County seeking compensatory and punitive damages from Dr. Walker for alleged libelous statements contained in Dr. Walker's letter. Dr. Atkins was presented a copy of the letter, but the method, time or manner of receipt is not made clear from the record. After filing an answer, defendant moved for summary judgment. Defendant argues that the action was barred by R.C. 2305.25 and 2305.251. R.C. 2305.25 is an immunity statute and R.C. 2305.251 is a privilege statute.

"R.C. 2305.25 reads as follows:

" 'No member or employee of a utilization review committee or tissue committee of a hospital or of a community mental health center or of a utilization committee of a state or local society composed of doctors of medicine or doctors of osteopathic medicine and surgery or doctors of podiatric medicine or of a peer review or professional standards review committee of a state or local society composed of doctors of medicine, doctors of osteopathic medicine and surgery, doctors of dentistry, doctors of optometry, doctors of podiatric medicine, psychologists, or registered pharmacists shall be deemed liable in damages to any person for any action taken or recommendation made within the scope of the functions of such committee, if such committee member or employee acts without malice and in the reasonable belief that such action or recommendation is warranted by the facts known to him after reasonable effort to obtain the facts of the matter as to which such action is taken or recommendation is made.

" 'This section shall also apply to any member or employee of a nonprofit corporation engaged in performing the functions of a peer review or professional standards review committee and shall apply to any member or employee of a hospital board or committee reviewing professional qualifications or activities of its medical staff or applicants for admission thereto.'

"R.C. 2305.251 reads as follows:

" 'Proceedings and records of all review committees described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care pro-

fessional or institution arising out of matters which are the subject of evaluation and review by such committee. No person within attendance at a meeting of such committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any finding, recommendation, evaluation, opinion, or other action of such committee or member thereof. Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of such committee nor should any person testifying before such committee or who is any member of such committee be prevented from testifying as to matters within his knowledge, but the witness cannot be asked about his testimony before such committee or opinion formed by him as a result of such committee hearing.' "

In this previous appeal, Judge Potter, writing for a unanimous court, stated at pages 139-140:

"In the case *sub judice,* Civ. R. 56(C) was used not to determine that, on the evidence, there was no genuine issue as to any material fact, but that plaintiff's proof would be barred by operation of law. We find that it is premature to make this decision and that it may not be made pursuant to a Civ. R. 56(C) proceeding.

"Furthermore, R.C. 2305.251 specifically states that documents available from original sources are not unavailable for use in any civil action merely because they were presented during proceedings of a credentials committee. Defendant did not state in his motion for summary judgment that the letter was not available from original sources. He merely claimed that the letter was 'privileged.' On oral argument, defendant stated that he did not know how plaintiff obtained the letter. Defendant's flat claim

of privilege ignores the clear statutory language of R.C. 2305.251."

On remand to the trial court, the parties entered into certain stipulations so that judicial time and jury time could be curtailed. Basically, the parties stipulated that the admissibility or inadmissibility of the alleged libelous letter involved in the case would be presented, and in the event that the court would grant the defendant's motion in limine, final judgment could then be entered by the trial court accordingly; in the event the motion in limine to exclude evidence at trial was denied, or granted only in part, the trial on the merits was to proceed. Judge Pincura, in a judgment entry dated March 24, 1981, stated as follows:

"* * * Defendant's motion seeks exclusion from introduction into evidence of a letter dated November 25, 1975, from Jack L. Walker, D.O., to Wilbur Cole, D.O., a copy of which letter is attached to plaintiff's complaint as Exhibit A. Said motion further seeks an order instructing the parties, their counsel, and, through counsel, all witnesses called by them, that they may not use any pleadings or offer any tangible evidence, testimony, remarks, questions or arguments which relate, either directly or indirectly to the letter referred to hereinabove. Defendant's motion is grounded upon the premise that the aforesaid letter is inadmissible in accordance with the provisions of R.C. 2305.251.

"At the hearing held on March 9, 1981, both parties presented all evidence relevant to the admissibility or inadmissibility of the aforesaid letter, and both parties stipulated that they have no further evidence to present concerning said issue of admissibility other than that presented at the March 9, 1981, hearing.

"The Court, being fully advised in the premises, and having considered all the evidence presented by the parties, the arguments of counsel, and the authorities cited, finds that said motion is well taken

and should be granted for the reasons that: (1) the aforesaid letter is a part of the record of a committee reviewing applicants for admission to a medical staff as defined in R.C. 2305.25; (2) the instant action is a civil action against a health care professional arising out of matters which were the subject of evaluation and review by the aforesaid committee; (3) the aforesaid letter was not otherwise available from the original source; and (4) the aforesaid letter is accordingly inadmissible in evidence under the provisions of R.C. 2305.251; (5) R.C. 2305.251 is constitutional.

"WHEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that defendant's motion in limine to exclude evidence at trial should be, and the same hereby is GRANTED, and the Court hereby ORDERS:

"(1) The exclusion from introduction into evidence of a letter dated November 25, 1975, from Jack L. Walker, D.O., to Wilbur Cole, D.O., a copy of which letter is attached to plaintiff's complaint as Exhibit A; and

"(2) The parties, their counsel, and through counsel, all witnesses called by them, to use no pleadings or offer any tangible evidence, testimony, remarks, questions or arguments, relating either directly or indirectly, to the letter referred to hereinabove.

"It is further ORDERED that, plaintiff having stipulated that the granting of defendant's motion in limine *in toto* is dispositive of the controlling issue in the case as to liability, and having further stipulated that he has no further evidence as to the issue of liability other than the aforesaid letter and the contents thereof to present in support of his cause of action, and having further stipulated that the court may enter final judgment accordingly,

"THEREFORE, FINAL JUDGMENT is hereby ENTERED in favor of defendant and against plaintiff and plaintiff's complaint is hereby DISMISSED WITH PREJUDICE at plaintiff's costs."

A single assignment of error is presented:

"The trial court erred as a matter of law and to the prejudice of the appellant by sustaining appellee's motion in limine and by entering final judgment in favor of appellee."

Appellant contends that the complaint herein did not arise out of matters which were the subject of evaluation and review by the Sandusky Memorial Hospital Joint Conference Committee, but arose out of the letter written by appellee Walker to Dr. Cole, the chairman of that committee. We reject this argument.

Furthermore, appellant argues in his brief that the statutory intent in enacting R.C. 2305.251 was to limit medical malpractice actions and R.C. 2305.251 was not meant to reach libel and slander actions. We reject this contention; we do not read the provisions of R.C. 2305.251 as narrowly as appellant. The case relied upon by appellant in support of his argument, *Young* v. *Alberts* (C.P. 1975), [73 O.O.2d 32] 342 N.E. 2d 700, has no relevancy to the case *sub judice*.

As an additional argument, appellant contends that the privilege cited by R.C. 2305.251 was waived in that appellant Atkins was given the subject letter prior to the hearing before the Joint Conference Committee. The record shows that the appellant Atkins attended the hearing set up at his request. As he entered the hearing room he was handed a copy of the letter together with other documents that the Credentials Committee considered in arriving at its adverse recommendation as to Mr. Atkins. After the hearing Atkins obtained a transcript of the proceedings. We disagree that the above constituted, in any fashion, a waiver of the privilege.

Appellant further contends, even though the letter itself might not be admissible, that inasmuch as Atkins was present at the meeting, he could testify as

to the contents of the letter. Appellant also contends, in this regard, that he had obtained the letter from the original source and, therefore, the privilege had been waived. Admittedly, appellant Atkins obtained the letter, not from the original source, Dr. Walker, but from the committee. The letter is privileged; testimony concerning the contents of the letter is likewise inadmissible by application of the Best Evidence Rule. 21 Ohio Jurisprudence 2d 277, Evidence, Section 259; Evid. R. 1002.

As a final argument, the appellant contends that R.C. 2305.251 is unconstitutional. We disagree for the reasons stated in *Samuelson* v. *Susen* (C.A. 3, 1978), 576 F. 2d 546 (also cited in *Atkins* v. *Walker, supra,* at page 141). The court, in *Samuelson, supra,* at pages 552-553, determined that R.C. 2305.251 was not unconstitutional and stated:

"Plaintiff asserts that O.R.C. § 2305.251 deprives him of material necessary to establish his claims, effectively denying him access to the courts in violation of his Fifth and Fourteenth Amendments due process rights. Plaintiff argues that there is no compelling state interest served by the application of O.R.C. § 2305.251 sufficient to overrule his interest in obtaining information about the review committee proceedings.

"The Ohio Legislature has, however, concluded, presumably in that state's best interest, that the deliberations of medical review committees should be privileged. As one court has declared '[s]tate legislatures create privileges because a particular relationship is considered so valuable to society that it should be fostered by preserving the confidentiality of the relationship even though evidence which might aid in the quest for truth will be lost.' *Baylor* v. *Mading-Dugan Drug Company,* 57 F.R.D. 509, 511 (N.D. Illinois 1972).

"No doubt the statutory provisions affect the manner in which plaintiff may develop evidence to support his defamation claim. Plaintiff is not, however, foreclosed from prosecuting his claim with other evidence, both direct and circumstantial."

See, also, *Young* v. *Gersten* (C.P. 1978), 56 Ohio Misc. 1 [10 O.O.3d 66].

We find the arguments of the appellant as to unconstitutionality to be without merit.

On consideration whereof, this court finds substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Cause remanded to said court for execution of judgment and for costs which are assessed against the appellant.

*Judgment affirmed.*

POTTER and DOUGLAS, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.