FOUR WINNERS, INC., Appellant,

v.

COLUMBUS DEVELOPMENT REGULATION
DIVISION ADMINISTRATOR, Appellee.

[Cite as *Four Winners, Inc. v. Columbus Dev. Regulation
Div. Admr.* (1992), 83 Ohio App.3d 118.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–250.

Decided Oct. 6, 1992.

*Abroms, Weisz, Everson & Zacks, Benjamin S. Zacks* and *Arnold Zacks,* for appellant.

*Ronald J. O'Brien,* City Attorney, and *Marilyn J. Marshall,* Assistant City Attorney, for appellee.

*Luper, Wolinetz & Neidenthal, Henry P. Wickham* and *Jack L. Stewart,* for Downtown Gynecology, Inc.

DESHLER, Judge.

Appellant, Four Winners, Inc., appeals from a judgment of the trial court affirming the Board of Zoning Adjustment's ("board") approval of the decision of appellee, the Development Regulation Division Administrator ("administrator").

On August 7, 1990, Downtown Gynecology, Inc. applied for a building permit for 1243 East Broad Street. On August 27, 1990, the administrator issued a certificate of zoning clearance on the grounds Downtown Gynecology, Inc. intended to use the site for a medical office. Next, on September 25, 1990, the administrator granted a parking waiver for the property. Then, on October 9, 1990, the administrator issued a building permit.

On October 15, 1990, appellant, owner of a neighboring property, appealed the administrator's decision to the Board of Zoning Adjustment of the city of Columbus, Ohio. In objecting to the issuance of a zoning clearance, appellant contended that the subject property was not going to be used by Downtown Gynecology, Inc. (lessee of the property) as a medical office, as represented by Downtown Gynecology, Inc. in its application for a building permit and approved by the administrator, but, rather, as an abortion clinic.

On December 21, 1990, the board issued a decision in which it determined (1) appellant's appeal to the board concerning the matter of zoning clearance had

been filed thirty-two days beyond the appeal time provided for in Columbus City Code 3307.07; and (2) though, according to Columbus City Code 3342.02(3)(b), the number of parking spaces on the site is one less than that required, the administrator had authority to waive the parking space requirement, pursuant to Columbus City Code 3342.02(3)(b)(6).

From that decision, appellant appealed to the Franklin County Court of Common Pleas. Appellant claimed the board erred by (1) finding no jurisdiction in regard to the zoning clearance; (2) finding appellant had notice of the issuance of the zoning clearance; (3) finding a parking waiver was proper; and (4) finding due process was not violated. On October 16, 1991, the trial court issued a decision in which it stated (1) the appeal to the board was not timely; and (2) Columbus City Code 3342.02(3) makes available an administrative waiver of one parking space. Further, in dicta, the trial court found the property is not going to be used as a clinic because there will be no overnight stay on the property. On January 27, 1992, the trial court journalized its decision.

Appellant now appeals and asserts five assignments of error:

"1. The trial court committed error by upholding the Board of Zoning Adjustment's determination that the appeal was not timely filed in that the appeal was filed the day after the building permit was issued.

"2. The trial court committed prejudicial and reversible error by denying appellant's motion to expand the record and request for the admission of additional evidence.

"3. The trial court erred by failing to conduct a trial *de novo* on the constitutional issues raised before the Board of Zoning Adjustment.

"4. The trial court erred as a matter of law by failing to interpret the Columbus City Code to permit the grant of an administrative parking waiver only if the property owner falls squarely within the facts of Columbus City Code 3342.02(3)(b)(6).

"5. The trial court erred as a matter of law when it failed to determine if use of the property constituted use as a clinic pursuant to Columbus City Code 3307.04."

In appellant's first, third and fifth assignments of error, it challenges the dismissal of its complaint concerning the zoning clearance because of its alleged failure to comply with the procedural rule set forth in Columbus City Code 3307.07, which provides:

"The Board shall not entertain any appeal applied for more than twenty (20) days after the date of the order, requirement, decision or determination appealed from or within such different time as may be specifically provided in this Zoning Code."

The procedural history, cited above, unequivocally reveals appellant has attempted to challenge the administrator's grant of zoning clearance by way of administrative appeal. The board, while denying the appellant the right to appeal the issue of the zoning clearance because of a lapse of time, has agreed that appellant was entitled to bring an administrative appeal relating to the grant of a zoning clearance. Likewise, the trial court recognized an administrative avenue with respect to the zoning clearance had been available but for appellant's failure to comply with Columbus City Code 3307.07.

Despite these presumptions that the Columbus City Code provides an administrative avenue to challenge the grant of a zoning clearance to an adjoining landowner, we find the Columbus City Code lacking in the due process requirements necessary to afford a party the proper means to challenge administratively a zoning clearance to a neighboring landowner. Specifically, we find there is no mention of who may appeal a grant of a zoning clearance, *i.e.*, no mention of whether a neighboring landowner is one who may appeal such a decision. Nor is there any mention of how one is to obtain notice, *i.e.*, learn of a grant of a zoning clearance in order to timely file an administrative appeal.

■ Given these deficiencies, we find the trial court erred in acknowledging a right of administrative appeal to the board with regard to the grant of a zoning clearance. As it stands, the proper means for a neighboring landowner to challenge an alleged impermissible grant of the zoning clearance or parking waiver is by way of injunction. See R.C. Chapter 2727. Nevertheless, we find that appellant was not prejudiced by this error. Since, in actuality, no administrative avenue was available to appellant by which to challenge the administrator's decision concerning the zoning clearance, appellant was not harmed when the board chose not to hear its appeal for procedural reasons and the trial court affirmed the decision of the board.

■ Thus, we find no merit in appellant's first assignment of error concerning the administrative appeal of the zoning clearance. Since they are interrelated, we also find no merit in appellant's third and fifth assignments of error; the issue of the propriety of granting the zoning clearance was not properly before the trial court and any discussion about the propriety of the zoning clearance was acknowledged by the trial court to be dicta. Accordingly, we overrule the first, third and fifth assignments of error.

■ We now turn to examine the claimed errors relating to the grant of the parking waiver, *i.e.*, the second and fourth assignments of error. In the second assignment of error, appellant contends that the trial court erred by disallowing an expansion of the record from the board, pursuant to R.C. 2506.03(A)(1) through (A)(5). Specifically, it complains (1) the transcript from the board's

hearing contains numerous instances where testimony was not transcribed because the testimony was inaudible; (2) it was not given an opportunity to present all of its evidence to the board because it was rushed in presentation by the board; (3) it was denied an opportunity to proffer all its evidence into the record; (4) the record is void of any oaths being given at the hearing before the board; (5) the board did not give it the opportunity to subpoena witnesses; and (6) the board failed to file with the record conclusions of fact supporting its decision.

R.C. 2506.03 provides:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

"(1) The transcript does not contain a report of all evidence admitted or profferred [*sic*] by the appellant;

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:

"(a) Present his position, arguments, and contentions;

"(b) Offer and examine witnesses and present evidence in support;

"(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

"(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

"(3) The testimony adduced was not given under oath;

"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.

"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."

██ Upon review, we find no merit in appellant's second assigned error. First, while some parts of the record are omitted because of inaudibility, the claimed deletions from the transcript are inconsequential and, in our opinion, do not detract from the overall completeness of the transcript. Second, the record reveals that the board president repeatedly attempted to ensure that appellant had an opportunity to present evidence and rebut its opponents' evidence. Third, appellant was not denied the opportunity to proffer evidence into the record related to the parking waiver. Fourth, because of the regularity of procedures, it was incumbent upon appellant to show witnesses were not sworn. This it failed to do. Fifth, the appellant has failed to preserve on the record the denial of any requests it made for the calling of witnesses. This court is not obliged to search the record for some evidence of this claimed error. Last, the decision of the board adequately sets forth the facts upon which the board relied in reaching its decision. For these reasons, we overrule appellant's second assignment of error.

██ In the fourth assignment of error, the appellant contends the trial court erred in sustaining the board's interpretation of Columbus City Code 3342.-02(3)(b). Specifically, appellant argues that this code section does not permit a parking waiver in all circumstances where there is a change of use of a property, by the language found below at Section 3342.02(3)(b)(6) of the Columbus City Code:

" * * * That additional number of parking spaces required by a change of use by a minor addition consisting of less than two hundred (200) square feet may be waived if, after consultation with the Traffic Engineering Administrator, the Administrator determines that the increased intensity will not create adverse traffic congestion in the area."

Instead, appellant contends this language modifies only the sixth section of the code.

We find appellant's argument to be without merit. First, the administrator, co-author of Columbus City Code 3342.02(3)(b), testified that it was written to allow the grant of a parking waiver in any case where a change of use of property results in parking difficulties, not merely in the scenario presented by the sixth section of Columbus City Code 3342.02(3)(b). Furthermore, he testified that, in the administrative history of this statute, it had been interpreted as such. Such an interpretation by an administrative agency is entitled to due deference by a reviewing court. *In re Aultman Hosp.* (1992), 80 Ohio App.3d 134, 608 N.E.2d 1104. For these reasons, we overrule appellant's fourth assignment of error.

Having overruled all of appellant's assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

McCormac and Petree, JJ., concur.