DECISION.
Appellant, Peter O. Prinz, appeals a judgment of the court of common pleas affirming the revocation of his independent social-worker license by appellee, State of Ohio Counselor and Social Worker Board. We have sua sponte removed this case from the accelerated calendar. We find no merit to Prinz's four assignments of error, and, therefore, we affirm the judgment of the common pleas court.
The record shows that Prinz worked as a counselor at West by Northwest Counseling Center. His responsibilities included recording important client data on a Diagnostic Assessment Form (DAF). The clinic used this seven-page form, which contained information about the client's history, previous treatment, and other important matters, to determine the appropriate treatment for that individual.
The board sent notice to Prinz that it proposed to take disciplinary action against his license. It alleged that on three occasions Prinz had photocopied three DAFs completed for clients on previous occasions by him and two other therapists and had then submitted those documents with a new signature page as if he had completed a new form for the clients. At a hearing, Prinz acknowledged committing the acts alleged by the board. He claimed that his caseload was too high given the extensive paperwork requirements of the clinic, that he felt pressured to complete the paperwork the clinic required so that the clinic could get paid, and that he felt that the clinic placed more emphasis on paperwork than on the therapists' relationships with their clients. He also stated that he had spent adequate time with the clients in question and had determined that their conditions were unchanged.
The hearing examiner found Prinz's claim that the clients' conditions had not changed to be incredible, given the specific details of their histories and the amount of time that had passed between the dates of their original assessments and the dates Prinz resubmitted the forms. She found that his conduct violated Section I(A)(2) of the Code of Ethics of the National Association of Social Workers, which provides that a social worker "should not participate in, condone, or be associated with dishonesty, fraud, deceit, or misrepresentation[,]" as well as Section I(D), which provides that a social worker "should act in accordance with the highest standards of professional integrity and impartiality." Therefore, she concluded, the board had authority under former R.C. 4757.13 and Ohio Adm. Code 4757-21-01 (renumbered R.C. 4757.36
and Ohio Adm. Code 4757-5-01) to revoke his license.
The board overruled Prinz's objections to the hearing examiner's report and adopted her recommendation that his license be revoked. Prinz appealed the board's order to the court of common pleas pursuant to R.C. 119.12. Although a magistrate originally recommended that the board's order be vacated, the trial court sustained the board's objections to the magistrate's report and ultimately affirmed the board's decision. This appeal followed.
In his first assignment of error, Prinz states that the common pleas court erred in affirming the board's order, because his conduct did not constitute "dishonesty, fraud, deceit or misrepresentation" as that clause is used in Section I(A)(2) of the Code of Ethics of the National Association of Social Workers. He contends that the board was required to show that he had an intent to deceive to prove that he violated Section I(A)(2), and that the board failed to present evidence on that issue. This assignment of error is not well taken.
In an administrative appeal pursuant to R.C. 119.12, a court of common pleas must determine whether the administrative agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 110-111, 407 N.E.2d 1265, 1267;Hi Rise, Inc. v. Ohio Liquor Control Comm. (1995), 106 Ohio App.3d 151,153, 665 N.E.2d 707, 709. The court must give due deference to the agency's resolution of evidentiary conflicts and may not substitute its judgment for that of the agency. Conrad,supra, at 111, 407 N.E.2d at 1267-1268; Sohi v. Ohio State DentalBd. (1998), 130 Ohio App.3d 414, 421, 720 N.E.2d 187, 191. The court, however, is not obligated to accept improperly drawn inferences from the evidence or to accept evidence that is not reliable or probative. Hi Rise, supra, at 153,665 N.E.2d at 709. An appellate court's review is limited to determining whether the trial court abused its discretion in finding that the board's decision is supported by reliable, probative and substantial evidence. Pons v. Ohio State Medical Bd. (1993),66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750-751; Hi Rise, supra, at 153, 665 N.E.2d at 709.
Prinz relies on Rajan v. State Medical Bd. (1997),118 Ohio App.3d 187, 193-195, 692 N.E.2d 238, 243-244, in which the court held that the state medical board was required to show that a physician had an intent to deceive before it could discipline him under R.C. 4731.22(B)(5) for "publishing a false, fraudulent, deceptive, or misleading statement." His reliance on this case is misplaced. First, Rajan interpreted the specific provisions of R.C. Chapter 4731, which apply solely to the practice of medicine, and, therefore, it does not clearly apply in the present case. See Krain v. State Medical Bd. (Oct. 29, 1998), Franklin App. No. 97APE08-981, unreported. Further, even if we were to follow Rajan
and hold that the Board was required to prove intent to deceive,Rajan does not dictate a reversal in this case
Here, Prinz's actions were deceitful on their face. By signing and submitting two of the DAFs as if he had written them when others had in fact written them, he misrepresented the true author to his employer. He also misrepresented the dates that all of the DAFs were completed by removing the true dates and by adding new ones. He held out these new dates as the actual dates of completion of the forms when they were not. In so doing, he misrepresented the condition of the patients. He admitted to falsifying the DAFs to avoid the clinic's paperwork requirements and to artificially inflate his billable hours. Prinz engaged in a clear pattern of intentional misrepresentation, the goal of which was to deceive his employer. His claim that the patients' conditions were unchanged was questionable, and the board was not required to believe his version of the facts. Under the circumstances, we hold that there was substantial, reliable, and probative evidence to show that Prinz had an intent to deceive, and that his actions constituted "fraud, dishonesty, deceit or misrepresentation" in violation of Section I(A)(2) of the code of ethics. See Morgan v. Ohio State Medical Bd. (Sept. 7, 1999), Franklin App. No. 98AP-1625, unreported; Krain, supra. Consequently, the trial court did not abuse its discretion in affirming the board's order, and we overrule Prinz's first assignment of error.
In his second assignment of error, Prinz states that the common pleas court erred in affirming the board's order, because the board's evidence was inadmissible and immune from discovery. He contends that R.C. 2305.251 forbids the discovery and introduction into evidence of peer review and quality assurance materials, as well as the testimony, findings, recommendations, evaluations, and opinions of a peer review or quality assurance committee. This assignment of error is not well taken.
R.C. 2305.251 provides:
 Proceedings and records within the scope of the peer review or utilization review functions of all review boards, committees, or corporations described in section 2305.25 of the Revised Code shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional, a hospital, a not-for-profit health care corporation that is a member of a hospital or of which a hospital is a member, or another health care entity arising out of matters that are the subject of evaluation and review by the review board, committee, or corporation. No person in attendance at a meeting of a review board, committee, or corporation or serving as a member or employee of a review board, committee, or corporation shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of the review board, committee, or corporation or as to any finding, recommendation, evaluation, opinion, or other action of the review board, committee, or corporation or a member or employee of it. * * *
The board contends that this statute does not apply to administrative proceedings, but we need not reach that issue. The statute sets forth an evidentiary privilege, which, like any other privilege, may be waived by the holder. See Wall v. OhioPermanente Medical Group, Inc. (1997), 119 Ohio App.3d 654,661-665, 695 N.E.2d 1233, 1238-1241; Atkins v. Walker (1981),3 Ohio App.3d 427, 430-431, 445 N.E.2d 1132, 1136-1137; Gates v.Brewer (1981), 2 Ohio App.3d 347, 351, 442 N.E.2d 72, 77. Even if we assume that Prinz, as a health care professional, was a holder of the privilege, he failed to raise the issue in any of the proceedings before the board. In fact, he actually stipulated to the use of the evidentiary documents presented by the board at the hearing. If Prinz had raised the issue below, the hearing examiner could have conducted an in camera inspection of the evidence to determine what evidence was privileged under the statute. See State ex rel. Grandview Hosp. and Medical Ctr. v.Gorman (1990), 51 Ohio St.3d 94, 95-96, 554 N.E.2d 1297,1298-1299; Gates, supra, at 351, 442 N.E.2d at 77. Since Prinz failed to bring the issue to the attention of the administrative agency, he waived any error, and he cannot raise it for the first time on appeal. Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41,43, 322 N.E.2d 629, 630; Zurow v. Cleveland (1978),61 Ohio App.2d 14, 23-24, 399 N.E.2d 92, 98-99. Accordingly, we overrule his second assignment of error.
In his third assignment of error, Prinz states that the trial court erred in affirming the board's order, because its conduct denied him due process of law. He contends that the board failed to give him proper notice of the charges against him, improperly refused his request for a continuance, and failed to review the transcript of the hearing. This assignment of error is not well taken.
R.C. 119.17 requires an administrative agency to provide notice to the appropriate parties that they have the right to a hearing before it issues an adjudication order. It goes on to state that the notice "shall include the charges or other reasons for the proposed action" and "the law or rule directly involved[.]" The purpose of this notice is to give the parties charged with a violation adequate notice to enable them to prepare a defense to the charges. Sohi, supra, at 422, 720 N.E.2d at 192;Geroc v. Ohio Veterinary Medical Bd. (1987), 37 Ohio App.3d 192,199, 525 N.E.2d 501, 507. Further, to the extent that the administrative hearing involves a deprivation of property such as the revocation or suspension of a professional license, the Due Process Clauses of the United States and Ohio Constitutions require that the parties involved be given "notice and opportunity for hearing appropriate to the nature of the case." Mullane v.Cent. Hanover Bank Trust Co. (1950), 339 U.S. 306, 313,70 S.Ct. 652, 656-657; Sohi, supra, at 422, 720 N.E.2d at 192; Korn v. OhioState Medical Bd. (1988), 61 Ohio App.3d 677, 684-685,573 N.E.2d 1100, 1105-1106.
First, Prinz argues that the statutory references in the notice he received from the board were insufficient. It stated that his actions had violated R.C. 4757.13(A), Ohio Adm. Code 4757-21-01 and sections I(A)(2) and I(D) of the Code of Ethics of the National Association of Social Workers. He contends that because these statutes and rules had been repealed and renumbered long before the initiation of the action against him, he could not locate the statutes and prepare an adequate defense. We find no merit in this argument.
The laws and regulations governing the practice of social work, in existence since 1985, were amended for the first time in 1997. At that time, former R.C. 4757.13 and Ohio Adm. Code4757-21-01 were not changed substantively, but were renumbered as R.C. 4757.36 and Ohio Adm. Code 4757-5-01. The board properly took administrative action against Prinz under the old law because his alleged professional misconduct occurred prior to the 1997 amendments. See R.C. 1.58(A); Ross v. Farmers Ins. Group. ofCompanies (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus;State ex rel. Plain Dealer v. Ohio Dept. of Ins. (1997), 80 Ohio St.3d 513,523, 687 N.E.2d 661, 671. A reasonable person would not have had substantial trouble locating the appropriate statutes and rules. Further, as a licensed professional, Prinz had constructive notice of this simple statutory change in the rules governing his profession, particularly given the general nature of the actual charges of dishonesty and misrepresentation. SeeGarono v. State Bd. of Landscape Architect Examiners (1973),35 Ohio St.2d 44, 47, 298 N.E.2d 565, 567-568; In re Certificate ofNeed App. of Providence Hosp. (1990), 67 Ohio App.3d 391, 403-404,587 N.E.2d 326, 334.
At the conclusion of the hearing, Prinz did state that he was "kind of confused" because the statutes in the notice were not in the copy of the Ohio Revised Code he had consulted. He went on to state, however, that "I guess they were revised and they reflected the time that these occurrences occurred. I guess I was going to bring that up, but I don't know if that's any relevance." After the hearing examiner stated that the statutes had been renumbered and the board's council pointed out that a copy of the old law was contained in the board's exhibits, Prinz said nothing further. He did not contend that he did not understand the charges against him or that he was unable to prepare a defense. To the contrary, the record shows that Prinz had actual notice of the charges against him, that he knew exactly the nature of his alleged misconduct, and that he vigorously maintained a defense. See Fogt v. OhioState Racing Comm. (1965), 3 Ohio App.2d 423, 424-425,210 N.E.2d 730, 732; Shearer v. State Medical Bd. (1950), 91 Ohio App. 277,280, 97 N.E.2d 688, 690.
Next, Prinz argues that the board's decision was based upon issues apart from the falsification of the DAFs described in the notice. He contends that evidence was presented, and the board based its decision in part, on the allegation that Prinz completed "service tickets" along with the falsified DAFs. Service tickets allowed the clinic to bill the client for services rendered. Prinz contends that because the notice he received contained no reference to these billing issues, he was not adequately informed about "the charges or other reasons for the proposed action" as required by R.C. 119.07, and that he was denied due process. The record demonstrates that the testimony regarding the service tickets was simply an explanation of the administrative procedures of the clinic and of one of the reasons why the clinic considered the falsification of the DAFs to be so serious, because clients could have been billed for services they did not receive. The hearing examiner did not treat the issue of the service tickets as an additional charge. Our review of the hearing examiner's decision shows that her findings and recommendations were based solely on Prinz's falsification of the DAFs, the charge listed in the notice.
Prinz also contends that the hearing examiner's findings and recommendations were based upon the issue of his mental competence, an issue also not raised in the notice. In her report, the hearing examiner expressed concern about Prinz's mental health due to "his refusal to acknowledge the inappropriateness of his conduct" and his demeanor and behavior at the hearing. However, her comments were nothing more than dicta. Her findings and the recommendation that Prinz's license be revoked were not based upon his mental state, and we cannot conclude that the notice was defective on that basis. SeeBollinger, Inc. v. Mayerson (1996), 116 Ohio App.3d 702, 714,689 N.E.2d 62, 70; Four Winners, Inc. v. Columbus Dev. Regulation Div.Admr. (1992), 83 Ohio App.3d 118, 122, 614 N.E.2d 775, 777.
In sum, the board substantially complied with the notice provisions of R.C. 119.07. The notice was sufficient to apprise Prinz of the charges against him, and he was not denied due process of law. See Beckman v. State of Ohio Dept. of CommerceDiv. of Real Est. (Dec. 29, 1992), Franklin App. No. 92AP-1254, unreported. Compare Sohi, supra, at 422-423,720 N.E.2d at 192-193; Ohio Motor Veh. Dealer's Salesmen's Licensing Bd. v.Memphis Auto Sales (1957), 103 Ohio App. 347, 358-359,142 N.E.2d 268, 275-276.
Next, Prinz argues that the board deprived him of due process when it denied his request for a continuance so that he could obtain counsel. R.C. 119.09 provides that an agency may continue any adjudication hearing upon the application of any party or upon its own motion. Korn, supra, at 683,573 N.E.2d at 1104. The record shows that, at the beginning of the hearing, the hearing examiner informed Prinz of his right to counsel, and that Prinz expressly waived it. Later in the hearing, while Prinz was examining one of the board's witnesses, the board's attorney objected to one of his questions. Prinz then stated that he wanted to "quit" and "get an attorney." After the hearing examiner overruled the board's objection, Prinz did not raise the issue further and he continued his questioning without further comment. Thus, he did not stand on his request for a continuance, and he waived the issue. See Fender v. Brady Buick, Oldsmobile Cadillac, Inc. (May 16, 1984), Athens App. No. 1170, unreported. Consequently, the hearing examiner's failure to grant him a continuance did not deny him his right to due process.
Finally, Prinz contends that the board denied him due process by failing to review the transcript of the hearing and by relying on the hearing examiner's report. R.C. 119.09 does not create a mandatory duty for an administrative board to read the transcript of testimony and evidence. The board's decision may be based upon the written findings of fact prepared by a hearing examiner as long as those findings of fact provide a basis for informed, deliberate and independent conclusions about the issue. The board need not read the entire transcript in the absence of any affirmative demonstration that the findings of fact are in any way defective. Chapman v. Ohio State Dental Bd. (1986), 33 Ohio App.3d 324,326-327, 515 N.E.2d 992, 994-995; Lies v. OhioVeterinary Medical Bd. (1981), 2 Ohio App.3d 204, 210,441 N.E.2d 584, 591. In this case, the hearing examiner's findings were detailed enough to allow the board to conduct an independent review. Further, her findings were based on the evidence at the hearing, and Prinz has not demonstrated that they were defective in any way. Consequently, the board's failure to review the entire transcript did not violate his right to due process, and we overrule his third assignment of error.
In his fourth assignment of error, Prinz states that the trial court erred in affirming the board's order, because the board had exceeded its statutory authority in disciplining him. In her report, the hearing examiner stated that she was inclined to recommend revocation of Prinz's license as a penalty for his misconduct, because he was also licensed in Kentucky. She said that if his Ohio license were merely suspended, he would likely serve out any suspension in Kentucky. Prinz contends that the board's reliance on this reasoning for revoking his license exceeded the scope of its disciplinary authority set forth in R.C.4757.36 and Ohio Adm. Code 4757-11-01. This assignment of error is not well taken.
In an appeal from the order of an administrative agency, the common pleas court may only reverse, vacate or modify the order pursuant to R.C. 119.12 if it finds that the order is not supported by the evidence or that is contrary to law. Otherwise, it must affirm the agency's order. Henry's Café, Inc.v. Bd. of Liquor Control (1959), 170 Ohio St. 233, 236,163 N.E.2d 678, 680. The court has no authority to modify a penalty that the agency was authorized to impose on the ground that the agency abused its discretion. Id. at paragraph three of the syllabus; Hi Rise, supra, at 154, 665 N.E.2d at 709; In re Eastway
(1994), 95 Ohio App.3d 516, 521, 642 N.E.2d 1135, 1138. In this case, the board clearly had authority to revoke Prinz's license for his misconduct, and the reference to his Kentucky license was merely an explanation of why a lesser penalty was not appropriate. Consequently, the common pleas court had no authority to modify the board's penalty, and we cannot hold that the court erred in affirming the board's decision. Therefore, we overrule Prinz's fourth assignment of error and affirm the judgment of the common pleas court.
Judgment affirmed.
GORMAN, P.J., SUNDERMANN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.