WINTERS ET AL., APPELLEES, *v.*
LUTHERAN MEDICAL CENTER ET AL.,
APPELLANTS.

(No. 55382—Decided
January 3, 1989.)

*J. Michael Monteleone,* for appellees.

*Albert J. Rhoa* and *Thomas J. Downs,* for appellants.

*Per Curiam.* This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Local App. R. 25, the record from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. Defendant Lutheran Medical Center contends that the trial court erred in overruling its motion for a protective order and in granting plaintiff Frances Winters' motion to compel discovery. Defendant contends that its surgical department's morbidity and mortality conference records were privileged and nondiscoverable by reason of R.C. 2305.25 and 2305.251.

We conclude that the trial court did not abuse its discretion in overruling defendant's motion for a protective order pursuant to Civ. R. 26(C). Cf. *Ruwe* v. *Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61, 29 OBR 441, 443, 505 N.E. 2d 957, 959; *Stewart* v. *Academy of Medicine* (Apr. 18, 1985), Cuyahoga App. No. 48932, unreported, at 5-8. The defendant's assistant vice president acknowledged that the records merely consisted of summaries of the patients that had been discussed at the conference, and that they did not address the care or treatment rendered to the various patients. The trial court conducted an *in camera* examination of the records subpoenaed by the plaintiff, in accordance with *Gates* v. *Brewer* (1981), 2 Ohio App. 3d 347, 351, 2 OBR 392, 396, 442 N.E. 2d 72, 77. The trial court correctly concluded that these records did not fall within the scope of privileged materials under R.C. 2305.25 and 2305.251.

Even if these records arguably fell within the scope of materials privileged under R.C. 2305.25 and 2305.251, we cannot say that the disclosure of the records pertaining to plaintiff's decedent would be prejudicial to the defendant in this case. We have independently reviewed the records in question, which consist of summaries of the patient's medical condition. The records do not speak to the care or treatment given to the patient. We are convinced that the defendant would suffer no prejudice by reason of the disclosure of these records as they relate to plaintiff's decedent.

Accordingly, the judgment is affirmed.

*Judgment affirmed.*

PATTON, P.J., KRUPANSKY and MATIA, JJ., concur.