THE STATE, EX REL. GRANDVIEW HOSPITAL AND MEDICAL CENTER, APPELLANT, v. GORMAN, JUDGE, APPELLEE.

[Cite as State, ex rel. Grandview Hosp. & Medical Ctr., v. Gorman (1990), 51 Ohio St. 3d 94.]

(No. 89-1919—Submitted March 6, 1990—Decided May 23, 1990.)

*Miller, Finney & Clark* and *Jerome G. Menz,* for appellant.

*Lee C. Falke,* prosecuting attorney, *Marcell N. Dezarn* and *Frances E. McGee,* for appellee.

*Wilfrid G. Dues,* for Anthony and Marilyn Melling.

*Per Curiam.* The court of appeals determined that Grandview's complaint failed to state a claim in prohibition upon which relief could be granted. Grandview did not set forth facts showing that the common pleas court lacked jurisdiction in this situation. We agree and hold that a trial court, in the course of regulating discovery, has authority to direct an *in camera* inspection of hospital records despite claims of the medical review committee privilege under R.C. 2305.251.

"For a writ of prohibition to issue, a relator must ordinarily establish: (1) that the court against whom it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that, if the writ is denied, he will suffer injury for which no other adequate remedy exists. * * *" *State, ex rel. Largent,* v. *Fisher* (1989), 43 Ohio St. 3d 160, 161, 540 N.E. 2d 239, 240; *State, ex rel. Fyffe,* v. *Pierce* (1988), 40 Ohio St. 3d 8, 9, 531 N.E. 2d 673, 674.

Grandview can not meet the second element of this test. Judge Gorman has complete inherent authority to direct an *in camera* inspection of the disputed hospital records. Trial courts have extensive jurisdiction and power over discovery. This concept is reflected in the Staff Note to Civ. R. 26(C), which governs protective orders: "Rule 26(C) affirms current Ohio practice which recognizes the inherent power of a court to control discovery. * * *" Further, in *State, ex rel. Pfeiffer,* v. *Common Pleas Court* (1968), 13 Ohio St. 2d 133, 137, 42 O.O. 2d 362, 364, 235 N.E. 2d 232, 235, we noted: "Infrequently, but consistently, this court has relied upon the inherent powers of courts to do those things necessary to the preservation of judicial powers and processes. * * *" Lastly, Civ. R. 37 reinforces this inherent authority by authorizing courts to impose sanctions upon those persons who unjustifiably seek or resist discovery.

The scope of pretrial discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter * * * ." Civ. R. 26(B)(1). Privilege must rest upon some specific constitutional or statutory provision. See *In re Story* (1953), 159 Ohio St. 144, 50 O.O. 116, 111 N.E. 2d 385.

Ohio law does provide a comprehensive privilege for hospital committee proceedings and records. R.C. 2305.251 reads in part:

"Proceedings and records of all review committees described in [R.C. 2305.25] * * * shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional or institution arising out of matters which are the subject of evaluation and review by such committee. * * * Information, documents, or

records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of such committee * * *."

This statutory privilege does not extend to "[i]nformation, documents, or records otherwise available from original sources * * *." R.C. 2305.251. Ohio courts have recognized this exclusion as a major exception. See, *e.g., Gates* v. *Brewer* (1981), 2 Ohio App. 3d 347, 2 OBR 392, 442 N.E. 2d 72; *Winters* v. *Lutheran Medical Ctr.* (1989), 43 Ohio App. 3d 119, 539 N.E. 2d 715.

Here, Melling sought records essential to his claim that Grandview negligently approved the credentials of Posevitz. Grandview responded with claims of the medical review committee privilege under R.C. 2305.251. Yet the statute itself contains a major exclusion. Faced with this claim of privilege, and its exception, Judge Gorman clearly had authority to inspect the documents, *in camera*, to determine if and how the privilege applied and to separate out nonprivileged portions. Applying this R.C. 2305.251 privilege to actual documents is not necessarily easy. An *in camera* inspection is only a minimal first step. See *State, ex rel. Fostoria Daily Review Co.,* v. *Fostoria Hosp. Assn.* (1989), 44 Ohio St. 3d 111, 541 N.E. 2d 587; *Atkins* v. *Walker* (1979), 65 Ohio App. 2d 136, 19 O.O. 3d 95, 416 N.E. 2d 651; *Atkins* v. *Walker* (1981), 3 Ohio App. 3d 427, 3 OBR 506, 445 N.E. 2d 1132; *Winters* v. *Lutheran Medical Ctr., supra.*

In various contexts, Ohio courts have explicitly recognized the inherent authority of trial courts to order *in camera* inspections and the usefulness

of doing so. In *Peyko* v. *Frederick* (1986), 25 Ohio St. 3d 164, 25 OBR 207, 495 N.E. 2d 918, the defendant asserted an attorney-client privilege over an insurance claims file. In that case, we directed the trial court to determine "by *in camera* inspection which portions of the file, if any, are so privileged. * * *" *Id.* at 167, 25 OBR at 210, 495 N.E. 2d at 921.

In *Henneman* v. *Toledo* (1988), 35 Ohio St. 3d 241, 520 N.E. 2d 207, we reaffirmed that trial courts could use *in camera* inspections to weigh claims of privilege. There, Justice Douglas said:

"*In camera* inspection of the documents by the trial judge is the most appropriate method of dealing with claims of executive privilege. *Kerr* v. *U.S. Dist. Court for Northern Dist. of Cal.* (1976), 426 U.S. 394, 406. By conducting such an inspection in chambers away from the jury and without the presence or participation of counsel for either party, the trial judge may make the necessary determination without compromising the confidentiality of any information he finds to be privileged. * * *" *Henneman, supra,* at 243, 520 N.E. 2d at 210.

See, also, *State, ex rel. Fostoria Daily Review Co.,* v. *Fostoria Hosp. Assn., supra; State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 526 N.E. 2d 786.

In *Gates* v. *Brewer, supra,* hospital counsel, resisting a subpoena duces tecum, claimed privilege under R.C. 2305.251. Nonetheless, the court of appeals directed the trial judge to ascertain, by *in camera* inspection, the application of this privilege. Accord *Winters* v. *Lutheran Medical Ctr., supra.*

Thus, Grandview has failed to establish any illegality whatever in

Judge Gorman's order. Its underlying claim of unreasonable intrusion into the hospital record also lacks merit. Judge Gorman's review of the record causes no conceivable injury, let alone irreparable injury. Grandview's claims of injury are thus premature.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.