OPINION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Lucas County Court of Common Pleas. The facts giving rise to this appeal are as follows.
On June 27, 1993, Robert E. Ferguson was killed when he was struck by a Jeep Cherokee driven by appellee, Andrea Nowakowski. At the time of the accident, Michael Derek Scott was sitting in the passenger's seat of the jeep. Scott also happened to be the owner of the jeep. On June 23, 1995, Appellant, Robert B. Dixon, administrator of the estate of Robert Ferguson, filed a wrongful death action against appellee.
On January 24, 1996, appellee filed a motion to compel discovery. In the motion, appellee alleged that appellant had failed to respond to discovery requests originally filed on April 22, 1995. On March 25, 1996, appellant complied with the discovery request.
On June 17, 1996, appellant's counsel deposed appellee. Appellee testified that Scott was her boyfriend and that the two lived together in Michigan. On October 25, 1996, appellee filed a motion for summary judgment arguing that she was proceeding lawfully in her lane of travel when the accident occurred. Appellant filed five requests for extensions of time to respond to appellee's summary judgment motion. The last court ordered extension lasted until April 1, 1997. Appellant did not file his response to appellee's summary judgment motion until March 2, 1998. On March 23, 1998, appellee filed a motion to strike appellant's memorandum in opposition based on the time delay.
On April 17, 1998, appellant filed a "memorandum in opposition to defendant's motion to strike plaintiff's memorandum in opposition to defendant's motion for summary judgment." He argued that a memorandum in opposition to a motion for summary judgment does not meet the requirements of a motion to strike under the civil rules. Appellant additionally argued that his delay in filing his memorandum in opposition was directly due to the fact that appellee has failed to give appellant Scott's address. Appellant hoped to depose Scott.
On May 15, 1998, appellant filed a "motion to continue time fixed for hearing of defendant's motion for summary judgment." Appellant sought additional time to attain the whereabouts of Scott. On May 26, 1998, appellant filed a motion to compel discovery. Appellant attached a copy of appellee's 1996 deposition as well as a series of interrogatories answered by appellee in 1998. In the 1998 interrogatories, appellee stated that she no longer lived with Scott and that she had no knowledge of his current whereabouts. The court granted appellant's motion to compel allowing him until June 11, 1998 to conduct a discovery deposition with appellee regarding Scott.
On June 4, 1998, appellee filed a motion for a protective order. Appellee sought to prevent appellant from deposing her a second time. Appellee once again claimed she had no knowledge as to the current whereabouts of Scott. On June 18, 1998, appellant filed a memorandum in opposition to appellee's motion for a protective order. Appellant noted in his memorandum that in 1996, he had requested that both appellee and Scott be available for depositions. On the scheduled date, only appellee appeared. On September 21, 1998, appellant filed an amended memorandum in opposition to appellee's motion for summary judgment. Appellant submitted copies of appellee's and Scott's witness statements made to the police the day of the accident.
On September 30, 1998, the trial court granted summary judgment to appellee. Appellee's motion for a protective order was rendered moot. On appeal, appellant sets forth the following assignments of error:
 "I. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FAILING TO RENDER A DECISION UPON APPELLEE'S MOTION FOR PROTECTIVE ORDER FILED JUNE 4, 1998.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT PRIOR TO THE COMPLETION OF APPELLANT'S DISCOVERY DEPOSITION OF APPELLEE.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE ARE GENUINE ISSUES AS TO MATERIAL FACTS; MOVING PARTY IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
In his first assignment of error, appellant argues that he was barred from conducting a discovery deposition once appellee filed her motion for a protective order. Civ.R. 26(C) provides:
 "Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."
Appellee's motion for a protective order was filed on June 4, 1998. Appellant claims that as of that date he was precluded from taking appellee's deposition. We disagree. Appellee merely asked the court to issue a protection order. The act of filing the motion had no effect on appellant's ability to conduct discovery. It is only if or when the court issues the protection order that the non-moving party's ability to conduct discovery is affected. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends the court erred in granting summary judgment before ruling on appellee's motion for a protective order. As discussed above, the court found the motion for a protection order moot in its entry granting summary judgment. Essentially, appellant contends the court erred in issuing summary judgment before he had a chance to depose Scott.
Appellant cites Kalb v. Morehead (1995), 100 Ohio App.3d 696
for the proposition that "[S]ummary judgment may not be granted before discovery is completed." Id. at 703. Trial courts, however, have inherent power to control discovery and to control the course of their judicial proceedings. Civ.R. 26(C); State exrel. Pfeiffer v. Common Pleas Court (1968), 13 Ohio St.2d 133;State ex rel. Grandview Hosp. Ctr. v. Gorman (1990), 51 Ohio St.3d 94.
In this case, the court set a cut-off date of June 11, 1998 for appellant to depose Scott. The court did not grant summary judgment until three months later on September 30. Given the fact that appellant was aware of Scott's role in this case since the time this action was instituted in 1995, we conclude that appellant was given an ample amount of time in which to conduct discovery. Appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant contends the court erred in granting summary judgment to appellee.
Determination of a motion for summary judgment is controlled by Civ. R. 56(C), which states in pertinent part:
 "* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
The undisputed facts are as follows. On June 27, 1993, at approximately 6:30 p.m., appellee was driving a 1991 Jeep Cherokee. She was leaving a restaurant located at the intersection of Bernath Parkway and Airport Highway in Toledo, Ohio. From the parking lot she made a right turn onto Bernath Parkway. She then proceeded to the intersection of Bernath Parkway and Airport Highway where she encountered a green light. Appellee testified in her deposition that she looked to her left and to her right for traffic before she turned right into the curb lane. She immediately moved into the left lane. She then looked down at her speedometer. At that moment, her passenger yelled "Honey, look out." When she looked up, she saw a pedestrian, Robert Ferguson, standing in her lane of traffic. She swerved to her right in an attempt to avoid hitting Ferguson but she was unsuccessful.
Appellant contends it was a question of fact for the jury to determine whether or not Ferguson was a discernable object for purposes of R.C. 4511.21(A), the assured clear distance statute. R.C. 4511.21 states:
 "No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."
In Ohio, "in an action based on negligence, each party is presumed to have exercised due care until proven otherwise."Franklin v. Reed (Aug. 22, 1996), Cuyahoga App. No. 69800, unreported, citing Biery v. Pennsylvania (1951), 156 Ohio St. 75, paragraph two of the syllabus. * * * "The mere fact that a driver hits a victim on the roadway does not establish negligence."Franklin, supra, citing Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66,69.
R.C. 4511.48 states in pertinent part:
 (A) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles, trackless trolleys, or streetcars upon the roadway.
* * *
 (E) This section does not relieve the operator of a vehicle, streetcar, or trackless trolley from exercising due care to avoid colliding with any pedestrian upon any roadway."
A driver need not look for vehicles or pedestrians violating his right of way. Lumaye v. Johnson (1992), 80 Ohio App.3d 141. "[O]nce a dangerous or a perilous situation is discovered, the driver must exercise due care to avoid colliding with any pedestrian upon the roadway." Markley v. Knutson (Sept. 26, 1996), Marion App. No. 9-96-29, unreported. The issue becomes, when did appellee discover the existence of a dangerous situation, namely that Richard Ferguson was in her lane of traffic. The issue is not, when should have appellee discovered the existence of a dangerous situation, because that would impose a duty to look onto appellee. Id.
Thus, appellee had a duty of due care to avoid Robert Ferguson once she saw he was encroaching onto her right of way. Robert Ferguson's duty of due care was to yield the right of way to appellee's vehicle in that he was crossing a roadway at a point other than within a marked crosswalk or an unmarked crosswalk at an intersection. There is no evidence in the record before us that appellant appeared in appellee's lane of travel at a sufficient distance ahead of her to give her time, in the exercise of ordinary care, to bring her automobile to a stop and avoid the collision. See McFadden v. Breuer (1952), 156 Ohio St. 430.
In her statement to the police following the accident, appellee stated that when she saw Ferguson she "slammed on the brakes and swerved to the right." Construing the facts in a light most favorable to appellant, we conclude that appellee did not breach her duty of due care. Accordingly, the court did not err in granting summary judgment to appellee. Appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 _______________________________ JUDGE
 Richard W. Knepper, J.
CONCUR.
 _______________________________ JUDGE
James R. Sherck, J. concurs, in part, and dissents, in part.