JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellees Judith Rengel and Dina Brown were allegedly injured as a result of being hit by one or more large table umbrellas in two separate incidents that occurred at appellant Riverfront Group, Inc.'s restaurant. All parties have shared in the responsibility of making this case a prime example of how potentially expedient and efficient resolutions can be derailed by acrimonious discovery. In the most current dispute, Riverfront Group appeals two discovery orders of the trial court, both of which concern material that is allegedly either protected by the attorney-client privilege or, without a showing of good cause, exempted from discovery as the work product of CNA Insurance Company, Riverfront Group's insurance carrier.
In Riverfront's first assignment of error, it contests the trial court's order to produce the audiotaped statements of two of its employees taken by CNA in regard to other incidents allegedly involving injury by umbrellas. In its second assignment, Riverfront contests the trial court's order allowing to go forward without limitation the deposition of Gary Rearick, the CNA claims representative who supervised Rengel's and Brown's claims.
The trial court has been amazingly patient in its efforts to bring the parties to trial. This case was filed in 1995 and should have been resolved long ago. Unfortunately, the trial court must again intervene in the parties' discovery dispute. Riverfront makes allegations of attorney-client privilege or work-product exemption for the two audiotaped recordings of Allen Kingsland and Dan McLean. The record demonstrates that the trial court ordered the recordings to be turned over without first conducting an in camera review. We recognize that a trial court has the inherent power to control discovery and that its rulings should not be disturbed absent an abuse of that power.[1] Under the specific facts of this case, however, we believe that the trial court abused its discretion by ordering the two audiotaped recordings to be produced without anin camera review. Although the record fails to demonstrate that an in camera review was requested, we do not believe that it was possible for the court to meaningfully consider Riverfront's allegation of privilege or work-product exemption without knowledge of what the recordings contained. Thus, we sustain Riverfront's first assignment.
As to Riverfront's claim that the trial court abused its discretion by not specifically limiting the subject matter of the deposition of CNA claims manager Rearick, we do not agree. Riverfront's basis for seeking a protective order was that Rearick should not have been deposed because the existence of insurance coverage would not have been admissible at trial, and because the trial court had determined that some of CNA's documents were protected from discovery either as work product or as attorney-client communications.
In this case, where the trial court has determined that certain information in Rengel's claims file is exempt from discovery either because it has been prepared in anticipation of litigation or because it is privileged as attorney-client communications, Riverfront is sufficiently protected by its attorney's ability to object on the record during the deposition. In fact, it is the responsibility of counsel to make objections to improper questions at a deposition. If opposing counsel continues his improper questioning, Riverfront's counsel can seek an immediate ruling on an objection from the trial court.[2] The same procedure applies to any other allegedly improper questions concerning protected information. (In light of the history of this case, it would not be unreasonable for the parties to conduct Rearick's deposition at such a time and place that the trial court could be readily available for rulings.) We conclude that the trial court did not abuse its discretion by refusing to apply any specific limitations on Rearick's deposition, especially in light of the content of the motion for a protective order before it.
Accordingly, we vacate only that part of the trial court's entry of July 12, 1999, ordering Riverfront to produce copies of the recorded statements of Alan Kingsland and Dan McLean and remand this case to the trial court with instructions to conduct an in camera review of the recordings in order to determine whether their content is protected as either attorney-client communications or as work-product prepared in anticipation of litigation. In all other respects, the July 12 entry is affirmed. We further affirm the trial court's entry of July 16, 1999, denying Riverfront's motion for a protective order to prohibit the taking of the deposition of Gary Rearick.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.
[1] See State ex rel. Grandview Hosp. Med. Ctr. v. Gorman
(1990), 51 Ohio St.3d 94, 554 N.E.2d 1297.
[2] See Civ.R. 30(D).