OPINION
Plaintiff Robert Dusenbury appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which found defendant Colonial Insurance Company of California was liable to appellant in the amount of $25,000, for his personal injury claim. Appellant also appeals the court's dismissal of his claim for prejudgment interest, and certain rulings the court made associated with discovery. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE COURT ERRED IN RULING COLONIAL WAS REQUIRED TO PAY PLAINTIFF ONLY $25,000 UNDER THE TERMS OF THE FINANCIAL RESPONSIBILITY BOND.
 II. THE COURT ERRED IN DISMISSING PLAINTIFF'S CLAIM FOR PREJUDGMENT INTEREST.
 III. THE COURT ERRED IN ITS POST VERDICT DISCOVERY RULINGS, INCLUDING THE IMPOSITION OF SANCTIONS UPON PLAINTIFF'S COUNSEL.
The trial court made findings of fact and conclusions of law. On November 24, 1994, appellant Dusenbury was a front-seat passenger in a motor vehicle operated by defendant Brian C. Lawson. They were traveling eastbound on U.S. Route 40 in Union Township, Licking County, Ohio. Lawson lost control of the vehicle, drove off the roadway, and struck an embankment. The vehicle rolled over, eventually landing on its roof in the middle of U.S. 40 across both the East and West bound lanes of the road. Dusenbury was thrown about inside the vehicle, striking his head and body on the interior of the car, and landing upside down on his shoulder and head. Lawson was ejected from the vehicle, while Dusenbury eventually escaped. Neither Dusenbury nor Lawson recalled the events that happened thereafter, but witnesses at the scene testified Dusenbury appeared dazed and shaken up but was able to respond to questions. Lawson's overturned vehicle was unlit and he placed no flares or reflectors on or around the vehicle. There was no artificial illumination from the streets or businesses in the area. However, two passersby stopped their vehicles to give assistance. Both passersby activated the hazard lights on their vehicles. Both vehicles stopped along the eastbound lanes. Within a few minutes, two vehicles traveling eastbound successfully avoided the collision scene. However, defendant Jeffrey Downour, approached the collision scene proceeding westbound. Dusenbury, Lawson, and one of the passersby were standing in the westbound lane near Lawson's overturned vehicle. Another witness attempted to flag down Downour's vehicle but Downour testified he did not see accident scene until it was too late. At the last second, Downour applied his brakes and swerved, but struck Lawson's vehicle. Lawson's vehicle spun around, apparently striking Dusenbury before it came to rest. Bystanders found Dusenbury in a ditch on the north side of the roadway, severely injured. Dusenbury was life flighted from the scene to Ohio State University Medical Center. Ohio State University Medical Center tested Dusenbury's blood, and found a blood alcohol level of .229. Defendant's witnesses testified this blood alcohol level would impair Dusenbury's reaction time. At the time of trial, Dusenbury's medical bills were $22,750.70. Dusenbury filed suit for declaratory judgment and monetary damages rising out of the negligence of Lawson and Downour. Appellee Colonial issued a financial responsibility bond for Lawson. In response to Dusenbury's discovery request, Colonial was unable to produce the bond. Apparently, the original bond was submitted to the Bureau of Motor Vehicles to demonstrate Lawson's compliance with Ohio law, and Colonial did not have a copy of the bond. The Bureau of Motor Vehicles entered the information from the bond into its computers, and then apparently discarded the bond. Colonial was able to produce a certificate of compliance reflecting Lawson's compliance with the financial responsibility law. Colonial moved for summary judgment requesting the court to determine the terms of the bond, based upon a blank form it submitted as well as other evidence. Colonial stipulated it had issued bond number 347173671 in Lawson's name. The trial court found Colonial had issued a financial responsibility bond in Lawson's name and found $32,500 was available to compensate Dunsenbury. Eventually, the trial court entered a judgment finding Dusenbury was not negligent in causing either collision or any of his damages. The court found for Dusenbury in the amount of $97,200 for damages caused by Lawson from two separate occurrences. No appeal was taken from the verdict. Thereafter, Colonial refused to satisfy a judgment against Lawson in any amount, and Dusenbury filed an action under R.C. 4509.61 to enforce the judgment. The trial court consolidated the cases. Dusenbury also moved for prejudgment interest and requested discovery of Colonial's claims file. On December 6, 1999, the trial court entered judgment finding the bond issued by Colonial had a per person limit of $12,500, a per accident limit of $25,000, and property damage limit of $7,500. The trial court found there had been two accidents, and ruled that Colonial's obligation to Dusenbury is $25,000.
 I
In his first assignment of error, Dusenbury argues that Colonial should be responsible for satisfying the judgment against Lawson in an amount not less than $65,000, because the trial court had earlier found the bond limits to be $32,500. Dusenbury points to Colonial's stipulation regarding the bond. Colonial submitted affidavits in support of its motion for summary judgment, tending to show the bond limits were $12,500 for wrongful death or bodily injury of one person in one accident, $25,000 for wrongful death or bodily injury of two or more persons in any one accident, and an aggregate amount for $7,500 for property damage. Dusenbury urges the court should not have relied on any documents other than the certificate of compliance in determining the extent of Colonial's liability. We do not agree. Colonial's stipulation regarding the bond was somewhat ambiguous regarding the exact terms and limitations. If a document is clear on its face, a court should not look to parole evidence to interpret it, Harris v. Elofasky (1989), 65 Ohio App.3d 342. If the document is ambiguous then the court may look to other evidence, Blosser v. Carter (1990), 67 Ohio App.3d 215. The trial court did not err in reviewing the affidavits of Colonial's agents in determining the limits of the bond. The trial court's determination that $32,500 is available represents the per accident amount of $25,000 plus the property damage amount of $7500. The court's earlier finding that $32,500 is available is not equivalent to finding the per person limit is $32,500. We find the trial court did not err in construing the stipulation along with the affidavits and documents submitted to determine the amount of the bond. The first assignment of error is overruled.
 II
In his second assignment of error, Dusenbury urges the trial court erred in dismissing his claim for prejudgment interest. The trial court found Dusenbury had failed to file a brief in support of his claim. The record indicates Dusenbury filed an initial motion for prejudgment interest, outlining his arguments and the applicable law. The court allowed discovery, and Dusenbury filed a list of exhibits and deposition summaries, and incorporated his previous motion. We have reviewed the record, and, mindful of the Supreme Court's directive to decide issues on their merits whenever possible, we find the trial court erred in dismissing the motion. Based upon the record before us, we remand to the trial court with instructions to consider Dusenbury's motion on the merits. The second assignment of error is sustained.
 III
In his third assignment of error, Dusenbury argues the trial court erred in various discovery rulings, which gave Colonial the opportunity to manipulate it's position and eventually to create the discovery problems complained of in II, supra. A trial court has broad discretion in regulating the discovery process, see Stat ex rel. Grandview Hospital Medical Center v. Gorman (1990),51 Ohio St.3d 94. We have reviewed the record, and we find the trial court did not abuse its discretion in its handling of discovery, with the exception of the error noted in II, supra. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 ____________________ Gwin, P.J.
By Hoffman, J., and Reader V.J., concur.