[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Timothy G. Mara and the State ex rel. Timothy G. Mara (together, "Mara"), appeal from three orders: (1) the June 26, 2000, judgment of the Hamilton County Court of Common Pleas that overruled their motion for an order regarding discovery or, in the alternative, a continuance; (2) the September 12, 2000, entry dismissing the second amended verified complaint's ninth cause of action; and (3) the November 3, 2000, entry dismissing the eighth cause of action.[1]
Mara filed his original complaint and a notice to depose the county commissioners on February 7, 2000. An amended complaint was filed on February 24. On February 25, the commissioners filed a motion to dismiss, with supplemental motions filed on subsequent dates. With the trial court's permission, Mara filed a second amended verified complaint on March 31 and filed a "Motion for Order Regarding Discovery and Continuation of Hearing on Defendants' Motion to Dismiss." They filed a similar motion on June 21, in which they advanced the following argument, Plaintiffs state that when they filed their complaint on or about February 4, 2000, they arranged for the individual defendant commissioners to be served with notice of their depositions to be taken approximately two weeks later. Defendants balked at making themselves available for deposition, and in subsequent case management conferences with the Court, defense counsel stated their opposition to depositions until the Court issued a decision on their motion to dismiss. The Court made an informal decision barring the depositions pending the outcome of the motion to dismiss. Plaintiffs represent to the Court that because they have been barred from taking the depositions of the defendant county commissioners, they have been deprived of a reasonable opportunity to prepare their case.
 We note, without deciding, that the trial court agreed with Mara that it was futile for them to serve the prosecuting attorney and held that they had satisfied the R.C. 309.13 requirements for bringing a taxpayer suit. Although the record is incomplete, we can decide this appeal on the record transmitted, and we affirm the trial court's judgment overruling Mara's motion for an order regarding discovery or a continuance and its dismissal of Mara's ninth and eighth causes of action.
In his first assignment of error, Mara contends that the trial court "erred in denying him an opportunity to depose the defendant[s] county commissioners." Trial courts have inherent power to control discovery, including the issuance of protective orders, and the power to control the course of their judicial proceedings.[2] A trial court's refusal to compel discovery is controlled by the abuse-of-discretion standard.[3]
As experienced counsel, plaintiff-appellant Timothy G. Mara must be deemed to have understood that a court speaks only through its entries, and that the local rules and civil rules of procedure dictate both how to resolve discovery disputes and how to conduct discovery. The record does not indicate whether any or all parties failed to appear on the noticed deposition dates, or whether the failure to appear was by agreement or otherwise. The record does not contain a motion to compel discovery or transcripts for any of the case-management conferences at which the postponement of the commissioners' depositions was discussed, as Mara argues in their brief. Mara's June 21 motion complains that they were previously barred by the trial court from deposing the commissioners. But, the record transmitted to this court contains no entries prior to June 21 that might support that contention.
As an appellate court, we are confined to the record before us. The record does show that Mara's first complaint was filed on February 7, 2000, that it was amended once, and that it was amended a second time by leave of the trial court. Moreover, a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.[4] When a motion to dismiss for failure to state a claim is filed by a party, all of the factual allegations of the complaint must be taken as true, and all reasonable inferences must be drawn in favor of the non-moving party.[5]
Accordingly, we cannot say that on June 26, 2000, the trial court abused its discretion in denying Mara an opportunity to depose the county commissioners. We, therefore, overrule the first assignment of error.
Mara's second assignment of error contends that the trial court erred in dismissing the ninth cause of action upon an implicit determination that the sum of the lease payments for Paul Brown Stadium over the life of the lease would be sufficient to cover the stadium's operating expenses. They argue that the dismissal was based on a finding of fact that was not supported by the evidence and that had they been permitted to depose the commissioners, they could have "probed" the commissioners' conception of the operating expenses of the stadium over the life of the lease and the relationship of those expenses to rental amounts.
Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only when it appears beyond doubt from the complaint that no set of facts can be proven to support the plaintiff's claim for relief.[6] In the absence of evidence to the contrary, public officers, administrative officers, and public boards, within the limits of the jurisdiction conferred by law, must be presumed to have properly performed their duties and not to have acted illegally, but regularly and in a lawful manner.[7] A member of a board of county commissioners holds a public office.[8] A board of county commissioners has the discretion to decide the terms upon which county-owned facilities or property will be leased.[9] Mara's complaint does not allege bad faith, fraudulent conduct by the commissioners, or any other misconduct that could be construed as an abuse of their discretion. It instead alleges that inadequate rent will be received to cover operating costs. R.C.307.023 permits a board of county to "[c]onstruct, improve, maintain, operate, lease, or otherwise contract for the acquisition or use of sports facilities." Prior to the statute's enactment, the Ohio Supreme Court recognized that the construction and operation of sports stadiums have not been the developments of private enterprise, but have been undertaken generally as municipal functions throughout the country, for a variety of reasons.[10] The court has held that a municipality may construct a stadium and rent it to a private entity, even when the private entity will derive profits from providing the athletic exhibitions.[11] Paul Brown Stadium is viewed by the commissioners as benefiting the community.[12] As the Ohio Supreme Court has stated,
 Section 6 of Article VIII has long been construed to prohibit a "`* * * business partnership between a municipality * * * and individuals or private corporations or associations. It forbids the union of public and private capital or credit in any enterprise whatsoever.'" (Emphasis added.) Alter v. Cincinnati (1897), 56 Ohio St. 47, 63, 46 N.E. 69, 70, quoting Walker v. Cincinnati
(1871), 21 Ohio St. 14, 54. * * * * [s]ince this lending of credit is for a public welfare purpose, and not a business purpose, it is not prohibited by Section 6 of Article VIII.[13]
 Mara did not allege fraud or misconduct by the commissioners. Even if, as Mara argues, the total rent charged under the lease, at its inception, will not meet the projected future operating expenses of the stadium, we cannot say that this is the exclusive criterion and determinative of whether such a lease of publicly-owned facilities creates a business partnership that violates Section 6 of Article VIII of the Ohio Constitution. Accordingly, we hold that the trial court properly dismissed the ninth cause of action and overrule the second assignment of error.
Mara's third assignment of error contends that the trial court erred in dismissing the eighth cause of action upon its conclusion that nothing in the law precludes the county from giving the Bengals control over development beyond the stadium complex. The trial court in its entry expressly found that "there is no claim upon which relief may granted." Although a court in ruling upon a motion to dismiss must take the factual allegations of the complaint as true, the same cannot be said about unsupported conclusions. "Unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."[14] Again, public officers, administrative officers, and public boards, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally, but regularly and in a lawful manner.[15] Mara's argument includes no citations to authority, contrary to the requirements of App.R. 16(A)(7). While recognizing Mara's concerns about the lease, in light of R.C. 307.023, we cannot say that their complaint's eighth cause of action represents any more than unsupported conclusions. Accordingly, we hold that the trial court properly dismissed the eighth cause of action and overrule the third assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] The trial court dismissed the first, second, third, and fourth causes of action of the second amended verified complaint on June 12, 2000. Mara voluntarily dismissed the fifth, sixth, and seventh causes of action on July 18, 2000, and the tenth cause of action on August 23, 2000. On May 27, 2000, an entry was journalized consolidating case number A-0000736 with A-0002116, the latter case filed by Concerned Citizens for Economic Justice ("CCEJ"). No record was transmitted to this court for A-0002116. On June 12, 2000, another entry was journalized consolidating case number A-0000736 with A-0003095, the latter case also filed by CCEJ. The court considered CCEJ's claims to be identical to Mara's claims.
[2] See State ex rel. Grandview Hosp. and Med. Ctr. v. Gorman (1990),51 Ohio St.3d 94, 95, 554 N.E.2d 1297, 1299; Civ.R. 26(C); see, also, Doev. Am. Cancer Soc'y Ohio (June 1, 2001), Hamilton App. No. C-000751, unreported (Gorman, P. J., concurring separately).
[3] See Koukios v. Marketing Dynamics, Inc. (Sept. 7, 1994), Hamilton App. Nos. C-920913, C-920918, C-930289, and C-930555, unreported.
[4] See State ex rel. Hanson v. Guernsey Cty. Bd. of Comm'rs. (1992),65 Ohio St.3d 545, 548, 605 N.E.2d 378, 380, citing Assn. for the Defenseof the Washington Local School Dist. v. Kiger (1989), 42 Ohio St.3d 116,117, 537 N.E.2d 1292, 1293.
[5] See Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584,589, citing Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753, 756.
[6] See O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[7] See Cedar Bay Constr. Inc. v. Fremont (1990), 50 Ohio St.3d 19,21, 552 N.E.2d 202, 204.
[8] See State ex rel. The Cincinnati Enquirer v. Krings (Dec. 15, 2000), Hamilton App. No. C-000408, unreported, citing R.C. 149.011.
[9] See, generally, R.C. 307.023, 307.09, and 307.81.
[10] See Bazell v. Cincinnati (1968), 13 Ohio St.2d 63, 69-70;233 N.E.2d 864, 869-870.
[11] See id. at 70, 233 N.E.2d at 870.
[12] See State ex rel. The Cincinnati Enquirer v. Krings, supra.
[13] State ex rel. Tomino v. Brown (1989), 47 Ohio St.3d 119, 121,549 N.E.2d 505, 507-508.
[14] State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324, 324,544 N.E.2d 639, 639, citing Schulman v. Cleveland (1972),30 Ohio St.2d 196, 198, 283 N.E.2d 175, 176 and Mitchell v. Lawson MilkCo. (1988), 40 Ohio St.3d 190, 193 N.E.2d 753, 756.
[15] See Cedar Bay Constr, Inc. v. City of Fremont (1990),50 Ohio St.3d 19, 21, 552 N.E.2d 202, 204.